# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>The property known as:<br>HP Envy TouchSmart m7 Notebook PC laptop computer, bearing serial number<br>"5CG3213VHS," currently in the custody of HSI New Orleans, Digital Forensics<br>Lab, 1250 Poydras Street, STE 2300, New Orleans, LA 70113 | )<br>)<br>)<br>)<br>)<br>)    Case No. 24-mc-2911 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ Eastern _____ District of _____ Louisiana _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(2) | Receipt and Distribution of Child Pornography |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
/s/ Brian Villaflor
*Applicant's signature*

Special Agent Brian Villaflor, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ December 19, 2024 _____

City and state: _____ New Orleans, Louisiana _____

_____
*Judge's signature*

Honorable Janis van Meerveld, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## PLACE AND ITEMS TO BE SEARCHED

The property to be searched is a HP Envy TouchSmart m7 Notebook PC laptop computer bearing serial number "5CG3213VHS." This electronic device is currently in the custody of HSI New Orleans, Digital Forensics Lab, 1250 Poydras Street, STE 2300, New Orleans, LA 70113.

This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Section 2252 (distributing, receiving, and possessing child pornography).

1.      Evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

2.      Evidence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

3.      Evidence of the lack of such malicious software;

4.      Evidence indicating how and when and who used, owned, and controlled the device at the time the things described in this warrant were created, edited, or deleted, to include how and when the computer was accessed or used to determine the chronological context of computer access, use, and events referencing or revealing the crime(s) under investigation and to the computer user;

5.      Evidence indicating the device user's knowledge and/or intent as it relates to the crime(s) under investigation, such as research into child exploitation statutes;

6.      Evidence of the attachment to the device of other storage devices or similar containers for electronic evidence;

7.      Evidence of programs (and associated data) that are designed to eliminate data from the device;

8.      Passwords, encryption keys, and other access devices;

9.      Records of or information about Internet Protocol addresses used by the device;

10.     Records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses revealing an interest in child exploitation content;

11.     Child pornography, as defined in Title 18, United States Code, Section 2256(8);

12.     Child erotica; and

13.     Records, information, and items relating to violations of the statutes described above in the form of:

  a.      Records and information referencing child pornography, as defined in Title 18, United States Code, Section 2256(8);

  b.      Records and information referencing child erotica;

  c.      Records and information referencing or revealing the use of cloud-based instant messaging applications;

  d.      Records and information referencing or revealing the identity or location of the persons suspected of violating the statutes described above;

  e.      Records and information referencing or revealing the sexual exploitation of children; Records and information revealing sexual interest in minors;

f.    Records and information referencing or revealing trafficking, advertising, or possession of child pornography, to include the identity of the individuals involved and location of occurrence;

g.    Records and information referencing or revealing communication or interaction of an illicit sexual nature with minors, to include the identity of the individuals involved and location of occurrence;

h.    Records and information constituting or revealing membership or participation in groups or services that provide or make accessible child pornography;

i.    Records and information revealing the use and identification of remote computing services such as email accounts or cloud storage;

j.    Incoming and outgoing communications, including but not limited to calls, SMS messages, MMS messages, and any third-party application communications referencing or revealing an interest in or the sexual exploitation of children;

k.    Photos, Videos, or other images taken or saved to the device, or audio recordings, including any voice messages or voicemails, referencing or revealing an interest in or the sexual exploitation of children;

l.    Any and all information associated with applications downloaded to the device that references or reveals an interest in or the sexual exploitation of children; and

m.     Any records or notes, including names and telephone numbers of persons from whom it is suspected visual depictions of the sexual exploitation of children were traded.

As used above, the terms "records" and "information" includes all forms of creation or storage, specifically: any data stored in an electronic format (such as files and or folders stored on mobile devices or computers); and any cloud storage (which the aforementioned electronic devices are connected to).

The term "storage medium" includes any physical object upon which computer data can be recorded, including the hard drives of computers, SIM cards, and mobile devices capable of storage.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | * | |
| **APPLICATION FOR A SEARCH** | | **MISC. NO.  24-mc-2911** |
| **WARRANT FOR:** | * | |
| | | |
| **THE PROPERTY KNOWN AS:** | * | |
| **HP Envy TouchSmart m7 Notebook** | | |
| **PC laptop computer, bearing serial** | * | |
| **number "5CG3213VHS," currently in** | | |
| **the custody of HSI New Orleans,** | * | |
| **Digital Forensics Lab, 1250 Poydras** | | |
| **Street, STE 2300, New Orleans, LA** | * | |
| **70113** | | |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Brian Villaflor, hereafter referred to as your affiant, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.    I am a Special Agent (SA) with U.S. Immigration and Customs Enforcement, Homeland Security Investigations (HSI), assigned to the Office of the Special Agent in Charge (SAC) New Orleans, Louisiana. I have been employed as a SA with HSI since March of 2022. I subsequently attended the Criminal Investigator Training Program (CITP) and Homeland Security Investigation Special Agent Training (HSISAT) at the Federal Law Enforcement Training Center (FLETC) where I was trained to conduct investigations regarding the violation of federal statutes. Prior to my employment with HSI New Orleans as a SA, I was a SA with the United States Secret Service ("USSS"). During my career with the USSS, I was assigned to a Cyber Fraud Task Force, I have led, conducted, and participated in criminal investigations involving bank fraud, wire fraud, identity theft, and access device fraud. As such, I am authorized to investigate violations of laws of the United States and execute warrants issued under the authority of the United States.  I am

currently assigned to the SAC New Orleans Cyber Crimes Group. This group investigates matters involving the online exploitation of children, particularly in relation to Title 18, United States Code, Section 2252, which criminalize the possession, receipt, and transmission of child pornography. During my assignment with the Cyber Crimes Group, I have led, conducted, and participated in the investigations and execution of search warrants for computers, electronic media, and other evidence, in cases involving child pornography and the sexual exploitation of children.

2.      I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations and to make arrests for Title 18 offenses enumerated in Title 18, United States Code, Section 2516.

3.      This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      This affidavit is made in support of an application for a search warrant authorizing the search of a HP Envy TouchSmart m7 Notebook PC laptop computer bearing serial number, "5CG3213VHS" (hereafter referenced as the **TARGET DEVICE**), as described in Attachment A, for contraband and evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2252 (distributing, receiving, and possessing child pornography).

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.      Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that the **TARGET DEVICE** contains evidence, fruits, and

instrumentalities of violations of Title 18, United States Code, Section 2252 (distributing, receiving and possessing child pornography).

## PROBABLE CAUSE

7.      On or about December 16, 2024, the Jefferson Parish Sheriff's (JPSO) initiated an investigation into Child Sexual Abuse Material (CSAM) allegedly possessed by Robert MARSH JR in or around Metairie, LA.

8.      A Detective with the JPSO Special Victims Section received information from MARSH JR's relatives, hereinafter referred to as "W1" and "W2." The following is a summary of the interviews of W1, W2, and the JPSO Detective.

9.      On or about December 16, 2024, W1 met with JPSO at their Criminal Investigations Bureau located in Harvey, LA. W1 turned over a "HP Envy TouchSmart m7 Notebook PC" laptop computer bearing serial number, 5CG3213VHS, (hereinafter the **TARGET DEVICE**) to the JPSO Detective that he/she suspects to have child pornography on it. W1 advised the JPSO Detective, the **TARGET DEVICE** belongs to his/her brother MARSH JR, and he/she retrieved it from his residence, the PREMISES, located at 4501 Toby Lane, Metairie, LA 70003.

10.     W1 advised the JPSO Detective, MARSH JR last had possession of the **TARGET DEVICE**. W1 stated to the JPSO Detective, MARSH JR was previously in prison for child pornography. W1 advised the JPSO Detective he/she took possession of the **TARGET DEVICE** to get "pictures off" the **TARGET DEVICE** and to look at his/her mother's homeowner's insurance because MARSH JR is in charge of paying the bills. MARSH JR called W1 and asked him/her if he/she was at his house and he was "very possessive of the computer."

11.     W1 advised the JPSO Detective no one else had access to the **TARGET DEVICE**. W1's father passed away on or about August 18, 2018, and his/her mother is "elderly" and has not

used a computer in a few years. MARSH JR currently lives at the PREMISES, which the primary owner listed, is his father according to an open-source search of Jefferson Parish property records.

12.     On the same date, W2 met with JPSO at their Criminal Investigations Bureau located in Harvey, LA. W2 advised the JPSO Detective MARSH JR is a convicted felon of child pornography, and he was very "possessive" of the **TARGET DEVICE** at the PREMISES, that is why W1 took the **TARGET DEVICE**. W2 stated MARSH JR currently lives at the PREMISES with his mother, his father is deceased. W2 stated W1 gained access to the **TARGET DEVICE**. Upon access to the **TARGET DEVICE**, W2 advised the JPSO Detective they observed child pornography on the **TARGET DEVICE**. W2 described the child pornography described in summary below:

- Pornography with an "underage girl" (8-, 9-, or 10-year-old girl) with an adult, the adult was masturbating on the child.

13.     W2 reached out to MARSH JR via phone and brought the child pornography to MARSH JR's attention. W2 stated that MARSH JR "did not deny it" and started to give W2 a lot of "pity" and that MARSH JR's life has "spiraled out of control" ever since he lost his kids. W2 heard a lot of "guilt" in MARSH JR's voice. W2 believes the **TARGET DEVICE** will speak volumes.

14.     On or about December 17, 2024, your affiant met with the JPSO Detective, at the Criminal Investigations Bureau located at 725 Maple Avenue, Harvey, LA 70058. Your affiant was informed of a CSAM investigation involving the **TARGET DEVICE**.

15.     The JPSO Detective turned over custody of the **TARGET DEVICE** to your affiant for further investigation. Your affiant signed a JPSO chain of custody form for the **TARGET DEVICE**. The **TARGET DEVICE** was subsequently entered into HSI New Orleans evidence

located at 1250 Poydras Street, STE 2300, New Orleans, LA 70113, where it has remained securely stored.

## SEX OFFENDER REGISTRY AND PRIOR CONVICTION

16.    According to Jefferson Parish Sheriff's Office records, Robert MARSH JR (DOB xx/xx/1965) was convicted of Pornography Involving Juveniles in violation of Louisiana Revised Statute 14:81.1 on or about March 20, 2014.

17.    Your affiant conducted a check of a public state database for sex offenders, which revealed Robert MARSH JR with a listed address of the PREMISES, 4501 Toby Ln Metairie, LA 70003. MARSH JR's state offenses are listed as: Louisiana Revised Statue 14:81.1 - Pornography Involving Juveniles. MARSH JR's "Last Verification Date" is listed as September 19, 2024. Per the Sex Offender Registry public state database, MARSH JR's "level" is a "Tier 2," in which Tier 2 offenses have a 25-year registration period conducted semi-annually. MARSH JR's date convicted is listed as March 20, 2014, and a release date of March 18, 2019.

## STATE PROBATION AND PAROLE SEARCH OF THE PREMISES

18.    On December 19, 2024, Louisiana State Probation and Parole officers conducted a search of the PREMISES based on the terms of MARSH JR's state supervised release. Officers encountered MARSH JR at the PREMISES upon the search. The search revealed the following.

19.    Louisiana State Probation and Parole officers discovered a firearm, a Model 922 H&R Arms Co.  located within the PREMISES in an unlocked safe. According to Probation and Parole officers, MARSH JR is a prohibited person from owning a firearm due to his felony conviction. A picture was provided by officers, of the firearms serial number, is depicted below for the court:



20.    State Probation and Parole officers also located within the PREMISES multiple electronic devices, and at least one of those devices, contains adult pornography.

21.    On December 19, 2024, HSI New Orleans Special Agents conducted a post-*Miranda* interview of MARSH JR. MARSH JR provided the following statements to Special Agents in summary:

a.    MARSH JR was convicted of Child Pornography in or around 2014.

b.    MARSH JR advised his HP Laptop, the **TARGET DEVICE**, was taken from the PREMISES by his relative (W1).

c.    MARSH JR stated the **TARGET DEVICE** was within the PREMISES and that he paid "bills" on the **TARGET DEVICE**.

d.    MARSH JR stated to Special Agents there is probably child pornography on the **TARGET DEVICE** that was taken from the PREMISES.

22.     Based upon the above information, your affiant believes that probable cause exists that evidence of violations of Title 18, United States Code, Section 2252 (distributing, receiving, and possessing child pornography), will be found on the **TARGET DEVICE**, possessed by MARSH JR.

**CHARACTERISTICS COMMON TO INDIVIDUALS
WHO HAVE A SEXUAL INTEREST IN CHILDREN OR WHO
PRODUCE, RECEIVE, AND/OR POSSESS CHILD PORNOGRAPHY**

23.     Based on your affiant's knowledge, experience, and training in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals who have a sexual interest in children produce, receive, or possess images of child pornography:

a.  Such individuals may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

b.  Such individuals may collect sexually explicit or suggestive materials in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c.  Such individuals almost always possess and maintain child pornographic material in the privacy and security of their home or some other secure location.  Individuals who have a sexual interest in children or images of children typically retain those materials and child erotica for many years.

d.  Likewise, such individuals often maintain their child pornography images in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area.  These child pornography images are often maintained for several years and are kept close by, usually at the possessor's residence, inside the possessor's vehicle, or, at times, on their person, or in cloud-based online storage, to enable the individual to view the child pornography images, which are valued highly.  Some of these individuals also have been found to download, view, and then delete child pornography on their computers or digital devices on a cyclical and repetitive basis.

e.  Importantly, evidence of such activity, including deleted child pornography, often can be located on these individuals' computers and digital devices through the use of forensic tools.  Indeed, the very nature of electronic storage means that evidence of the crime is often still discoverable for extended periods of time even after the individual "deleted" it.[1]

---

[1] *See United States v. Carroll*, 750 F.3d 700, 706 (7th Cir. 2014) (concluding that 5-year delay was not too long because "staleness inquiry must be grounded in an understanding of both the behavior of child pornography collectors and of modern technology"); *see also United States v. Seiver*, 692 F.3d 774 (7th Cir. 2012) (Posner, J.) (collecting cases, e.g., *United States v. Allen*, 625 F.3d 830, 843 (5th Cir. 2010); *United States v. Richardson*, 607 F.3d 357, 370-71 (4th Cir. 2010); *United States v. Lewis*, 605 F.3d 395, 402 (6th Cir. 2010)).

    f.   Such individuals also may correspond with and/or meet others to share information and materials, rarely destroy correspondence from other child pornography distributors/possessors, conceal such correspondence as they do their sexually explicit material, and often maintain contact information (e.g., online messaging accounts, email addresses, etc.) of individuals with whom they have been in contact and who share the same interests in child pornography.

    g.   Such individuals prefer not to be without their child pornography for any prolonged period.  This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

24.    Based upon the conduct of individuals involved in the collection of child pornography set forth above, namely, that they tend to maintain their collections at a secure, private location for long periods of time, there is probable cause to believe that evidence of the offenses of receiving and possessing child pornography is currently located at the PREMISES described previously herein and the computers and computer media located therein.

25.    Occupants of residences tend to keep and maintain various records and documents, including, for example, receipts, banking records, bills, statements, telephone records, and other similar indicia of ownership indicating occupation, possession, or control over the residence.  Your affiant seeks authorization to search for such indicia of ownership, which would tend to provide proof of control over other items of evidentiary value found in the search.

## SEARCH AND SEIZURE OF COMPUTERS AND ELECTRONIC MEDIA

26.     Searches and seizures of evidence from computers commonly require agents to download or copy information from the computers and their components, or seize most or all computer items (computer hardware, computer software, and computer related documentation) to be processed later by a qualified computer expert in a laboratory or other controlled environment. This is almost always true because of the following two reasons:

a.     Electronic storage devices (like hard disks, diskettes, tapes, laser disks, magneto opticals, usb "thumb" drives, secure digital (sd) cards, and others) can store the equivalent of thousands of pages of information.  Especially when the user wants to conceal criminal evidence, he or she often stores it in random order with deceptive file names.  This requires searching authorities to examine all the stored data that is available in order to determine whether it is included in the warrant that authorizes the search.  This sorting process can take days or weeks, depending on the volume of data stored, and is generally difficult to accomplish on-site.

b.     Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment.  The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert should analyze the system and its data.  The search of a computer system is an exacting scientific procedure that is designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files.  Since computer evidence is extremely vulnerable to tampering or destruction (which may be caused by

malicious code or normal activities of an operating system), the controlled environment of a laboratory is essential to its complete and accurate analysis.

27.    In order to fully retrieve data from a computer system, the analyst needs all magnetic storage devices as well as the central processing unit (CPU).  In cases involving child pornography where the evidence consists partly of graphics files, the monitor(s) may be essential for a thorough and efficient search due to software and hardware configuration issues.  In addition, the analyst needs all the system software (operating systems or interfaces, and hardware drivers) and any applications software which may have been used to create the data (whether stored on hard drives or on external media).

28.     Furthermore, when there is probable cause to believe that the computer and its storage devices are instrumentalities of crimes, within the meaning of Title 18, United States Code, Sections 2251 through 2256, they should all be seized as such.

Respectfully submitted,

*/s/ Brian Villaflor*
Brian Villaflor
Special Agent
Homeland Security Investigations

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue.  In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Subscribed and sworn to before me on
this 19th day of December, 2024
in New Orleans, Louisiana.

HONORABLE JANIS VAN MEERVELD
UNITED STATES MAGISTRATE JUDGE

12

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Louisiana

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No.    24-mc-2911
The property known as: )
HP Envy TouchSmart m7 Notebook PC laptop computer, bearing serial number )
"5CG3213VHS," currently in the custody of HSI New Orleans, Digital Forensics )
Lab, 1250 Poydras Street, STE 2300, New Orleans, LA 70113 )

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Louisiana _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____ January 2, 2025 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Duty Magistrate _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    December 19, 2024; 3:00 p.m.

*Janis van Meerveld*
*Judge's signature*

City and state:    New Orleans, Louisiana    Honorable Janis van Meerveld, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  24-mc-2911 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

Subscribed, sworn to, and returned
before me this ___ day of _____, 20__.

_____
U.S. Judge or Magistrate

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

## PLACE AND ITEMS TO BE SEARCHED

The property to be searched is a HP Envy TouchSmart m7 Notebook PC laptop computer bearing serial number "5CG3213VHS." This electronic device is currently in the custody of HSI New Orleans, Digital Forensics Lab, 1250 Poydras Street, STE 2300, New Orleans, LA 70113.

This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Section 2252 (distributing, receiving, and possessing child pornography).

1.      Evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

2.      Evidence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

3.      Evidence of the lack of such malicious software;

4.      Evidence indicating how and when and who used, owned, and controlled the device at the time the things described in this warrant were created, edited, or deleted, to include how and when the computer was accessed or used to determine the chronological context of computer access, use, and events referencing or revealing the crime(s) under investigation and to the computer user;

5.      Evidence indicating the device user's knowledge and/or intent as it relates to the crime(s) under investigation, such as research into child exploitation statutes;

6.      Evidence of the attachment to the device of other storage devices or similar containers for electronic evidence;

7.      Evidence of programs (and associated data) that are designed to eliminate data from the device;

8.      Passwords, encryption keys, and other access devices;

9.      Records of or information about Internet Protocol addresses used by the device;

10.     Records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses revealing an interest in child exploitation content;

11.     Child pornography, as defined in Title 18, United States Code, Section 2256(8);

12.     Child erotica; and

13.     Records, information, and items relating to violations of the statutes described above in the form of:

   a.      Records and information referencing child pornography, as defined in Title 18, United States Code, Section 2256(8);

   b.      Records and information referencing child erotica;

   c.      Records and information referencing or revealing the use of cloud-based instant messaging applications;

   d.      Records and information referencing or revealing the identity or location of the persons suspected of violating the statutes described above;

   e.      Records and information referencing or revealing the sexual exploitation of children; Records and information revealing sexual interest in minors;

f.    Records and information referencing or revealing trafficking, advertising, or possession of child pornography, to include the identity of the individuals involved and location of occurrence;

g.    Records and information referencing or revealing communication or interaction of an illicit sexual nature with minors, to include the identity of the individuals involved and location of occurrence;

h.    Records and information constituting or revealing membership or participation in groups or services that provide or make accessible child pornography;

i.    Records and information revealing the use and identification of remote computing services such as email accounts or cloud storage;

j.    Incoming and outgoing communications, including but not limited to calls, SMS messages, MMS messages, and any third-party application communications referencing or revealing an interest in or the sexual exploitation of children;

k.    Photos, Videos, or other images taken or saved to the device, or audio recordings, including any voice messages or voicemails, referencing or revealing an interest in or the sexual exploitation of children;

l.    Any and all information associated with applications downloaded to the device that references or reveals an interest in or the sexual exploitation of children; and

       m.     Any records or notes, including names and telephone numbers of persons from whom it is suspected visual depictions of the sexual exploitation of children were traded.

As used above, the terms "records" and "information" includes all forms of creation or storage, specifically: any data stored in an electronic format (such as files and or folders stored on mobile devices or computers); and any cloud storage (which the aforementioned electronic devices are connected to).

The term "storage medium" includes any physical object upon which computer data can be recorded, including the hard drives of computers, SIM cards, and mobile devices capable of storage.